UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON A. DAILEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY SHERIFF, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-0787  DB P<br><br><br>ORDER |

Plaintiff is incarcerated at the Claybank Detention Facility in Solano County.  She is proceeding pro se with an action under 42 U.S.C. §1983.  Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis.  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and dismisses the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Plaintiff's Allegations**

Plaintiff is an inmate at the Claybank Detention Facility in Solano County. She identifies as defendants the Solano County Sheriff ("Sheriff") and Wellpath LLC. Plaintiff lists a number of other names in the spaces provided on the complaint form for defendants. However, as best this court can tell, plaintiff intends those people to be additional plaintiffs.

In her first claim, plaintiff alleges the Sheriff has provided inmates with unsanitary clothing and living conditions. She further alleges the Sheriff failed to provide proper meals. In her second claim, plaintiff alleges the Sheriff and Wellpath failed to provide appropriate medical care, resulting in many inmates being seriously ill.

For relief, plaintiff states that "We" are seeking, among other things, the removal of Wellpath's staff, provision of cleaning supplies and clean bedding, and damages.

////

////

////

**B. Does Plaintiff State Claims for Relief?**

**1. Plaintiff may not Represent Other Inmates**

Plaintiff appears to be alleging claims on her own behalf and on the behalf of a number of other inmates. However, pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of other prisoners. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v. Hartford Life, Inc, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear in propria persona in his behalf, that privilege is personal to him." Id. (citations omitted).

Because plaintiff is proceeding pro se in this matter, she does not have the authority to represent other inmates. If plaintiff chooses to file an amended complaint, she must allege only constitutional violations that she has personally suffered.

**2. Failure to State a Claim**

Plaintiff fails to state any claims for relief because she does not explain what she, personally, has experienced or suffered. Plaintiff must identify each defendant, explain what that defendant did or did not do that violated plaintiff's constitutional rights, and explain what injury plaintiff suffered as a result of the defendant's actions or inactions.

Plaintiff is further advised that to state a claim against the Sheriff, she must allege facts showing that the Sheriff personally was involved in the actions complained of. To state a claim regarding the provision of medical care, plaintiff must identify a person, not a company, who is responsible for the violation of her rights. In addition, plaintiff must show that the person is a state actor. The Civil Rights Act under which this action was filed provides for suit only against a "person" acting "under color of" state law. 42 U.S.C. § 1983. See also Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1149-50 (9th Cir. 2011) (setting forth elements of a § 1983 claim and describing instances in which a private actor's conduct constitutes state action); Caviness v.

4

Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) ("The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)).

### C. Legal Standards for Potential Claims for Relief

This court will give plaintiff the opportunity to amend the complaint. If she wishes to do so, she must consider whether the conduct she complains of amounts to a constitutional violation. Below, this court sets out the legal standards for the two claims it appears plaintiff is trying to make – the denial of sanitary living conditions and the denial of medical care.

Plaintiff does not explain whether she is a pretrial detainee or a convicted prisoner. This difference is important for determining the applicable legal standards. "[T]he Fourteenth Amendment prohibits all punishment of pretrial detainees." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004). "This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). Below, this court sets out both standards.

#### a. Unsanitary Living Conditions

##### (i) Pretrial Detainees' Rights under the Fourteenth Amendment

The Fourteenth Amendment requires the government to do more than provide minimal necessities to non-convicted detainees. Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004). To assess the constitutionality of pretrial detention conditions that are not alleged to violate any express constitutional guarantee, a district court must determine whether those conditions amount to punishment of the detainee. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Pierce, 526 F.3d at 1205; Demery, 378 F.3d at 1029.

Denying a pretrial detainee "the minimal civilized measure[s] of life's necessities," including sanitation needs, may amount to a constitutional violation. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "Functioning plumbing, including toilets ..., is a basic necessity of civilized life. The provision of adequate means of hygiene, and the sanitary disposal of bodily wastes ... are constitutionally required." Martino v. Carey, 563 F. Supp. 984, 999-1000 (D. Or. 1983)

(acknowledging threat to pretrial detainees' well-being through "risk of disease" stemming from improper sewage disposal); see also Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (noting indigent inmates have the right to personal hygiene items); Hoptowit v. Spellman, 753 F.2d 779, 783-85 (9th Cir. 1985) (noting failure to provide adequate cleaning supplies necessary to maintain sanitary cells may "seriously threaten" an inmate's health and amount to an Eight Amendment violation).

### (ii) Prisoners' Rights under the Eighth Amendment

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). This duty includes providing access to personal hygiene items under the Eighth Amendment. See Keenan v. Hall, 83 F.3d at 1091. However, the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry. Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation." Rhodes, 452 U.S. at 347.

### b. Denial of Medical Care

### (i) Fourteenth Amendment Right to Medical Care

"[M]edical care claims brought by pretrial detainees...'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishments Clause.'" Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) (citation omitted). Therefore, "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." Id. at 1124-25.

To allege a claim for a violation of the Fourteenth Amendment right to medical care, a detainee must allege facts showing:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

6

1     (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and

    (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (internal quotation marks and citations omitted).

### (ii) Eighth Amendment Right to Medical Care

To prevail on a claim of cruel and unusual punishment a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

    A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

    If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer,

7

511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

## CONCLUSION

Above, this court finds plaintiff fails to state any claims for relief.  Plaintiff will be given an opportunity to amend the complaint.

In an amended complaint, plaintiff must address the problems with her complaint that are explained above.  Plaintiff is advised that in an amended complaint she must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits or other filings to determine what plaintiff's charging allegations are as to each named defendant.  Plaintiff must include ALL claims she wishes to pursue in one amended complaint.

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

Plaintiff may not bring claims against different defendants that are not related to each other.  Fed. R. Civ. P. 20(a)(2).  "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits."  George v. Smith, 507 F.3d 605, 607

(7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).  Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

The federal rules require a simple description of a party's claims.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies she has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

////

////

////

////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: July 25, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/
DB prisoner inbox/civil rights/S/dail0787.scrn LTA